IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

HAROLD N. FAUST,

    Petitioner,

v.                                       Case No. 4:17cv001-WS/CAS

JULIE L. JONES,

    Respondent.
_____/

## ORDER and REPORT AND RECOMMENDATION

On December 28, 2016, Petitioner Harold N. Faust, proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. He paid the filing fee. ECF No. 8. He challenges his judgment and sentence imposed July 29, 2014, by the Second Judicial Circuit, Leon County, Florida, following a jury trial in case number 12-CF-1599. ECF No. 1.

On or about April 4, 2017, Petitioner filed a Motion Seeking Granting of Abeyance and Continuance or in the Alternative Entry of Order of Dismissal Without Prejudice. ECF No. 6. In this motion, Petitioner stated he currently had an appeal pending in state court from the denial of his Rule 3.850 motion. *Id.* at 1. He stated the case is "presently pending" in the First District Court of Appeal, case number 1D14-3573, and requests

this Court hold this federal case in abeyance until the state court resolves his appeal. Id. at 2.

In an order issued April 17, 2017, this Court explained that, pursuant to Rhines v. Weber, 544 U.S. 269, 277-78 (2005), a stay is available only in limited circumstances, as Petitioner recognized in his motion. ECF No. 7. Specifically, in Rhines, the U.S. Supreme Court held that a "stay and abeyance" of a mixed federal habeas petition is appropriate only if (1) the petitioner had "good cause" for failing to exhaust the claims in state court; (2) the unexhausted claims are "potentially meritorious"; and (3) "there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." Rhines, 544 U.S. at 277-78.

This Court also explained that, in Petitioner's case, review of the online docket for case number 1D14-3573 reveals the First DCA per curiam affirmed that case on July 13, 2015. See ECF No. 7; online docket at www.1dca.org The First DCA issued the mandate on August 10, 2015, and denied Petitioner's motion to recall the mandate on September 15, 2016. See online docket at www.1dca.org. Thus, Petitioner no longer has an appeal pending in case number 1D14-3573.

The Court further explained that Petitioner had alternatively asked for

"an order of voluntary dismissal without prejudice if abeyance is not granted to allow him to timely refile the instant application." ECF No. 6 at 2; *see* ECF No. 7 at 3. The Court directed that if Petitioner wishes to dismiss this case, he may file a notice of voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i), which provides that an action may be dismissed without a court order by filing a notice of dismissal before the opposing party serves an answer. ECF No. 7 at 3. The Court specifically cautioned Petitioner that under the Anti-Terrorism and Effective Death Penalty Act (AEDPA), there is a one-year limitations period for filing a § 2254 petition. *Id*.; 28 U.S.C. § 2244(d)(1). The Court explained the period generally runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review," though there are later commencement dates. *Id.* § 2244(d)(1)(A).[1] Further, the limitations period is tolled for the time during which a "properly filed" application for relief is pending in state court, and the time may also be equitably tolled, but "only if a petitioner establishes *both* extraordinary

---

[1] Later dates which may commence the limitations period are the date on which (1) an unconstitutional impediment which prevented the applicant from filing is removed; (2) the constitutional right asserted was recognized by the United States Supreme Court and made retroactive on collateral review; and (3) the factual predicate for the claim could have been discovered by due diligence. 28 U.S.C. § 2244(d)(1)(B)-(D).

circumstances and due diligence." *Id.* § 2244(d)(2); Diaz v. Sec'y for Dep't of Corr., 362 F.3d 698, 702 (11th Cir. 2004). This Court denied Petitioner's motion. ECF No. 7.

Thereafter, this Court directed Respondent to file an answer, motion, or other response to the § 2254 petition on or before September 12, 2017. ECF No. 9.

Petitioner has now filed another Motion Seeking Granting of Abeyance and Continuance or in the Alternative Entry of Order of Dismissal Without Prejudice, ECF No. 10, identical to his previous motion, ECF No. 6. Petitioner included a cover letter recognizing that he previously filed "this very same motion." ECF No. 10 at 4. For the reasons explained above and in this Court's earlier order, ECF No. 7, Petitioner's request for a stay is denied.

Because Respondent has not yet served an answer, this case may be dismissed at Petitioner's request without a court order. *See* Fed. R. Civ. P. 41(a)(1)(A)(i). In particular, Federal Rule of Civil Procedure 41(a)(1)(A)(i) provides a petitioner "may dismiss an action without a court order by filing . . . a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." This rule applies to

federal habeas corpus proceedings.  *See* Rule 12, R. Gov. § 2254 Cases. Respondent has not yet filed an answer, motion, or other response.  Thus, Petitioner Faust may automatically dismiss his action, but he should be aware that such dismissal may foreclose future federal habeas review of his conviction.

Specifically, Petitioner is again cautioned that, under the Anti-Terrorism and Effective Death Penalty Act (AEDPA), there is a one-year limitations period for filing a § 2254 petition.  28 U.S.C. § 2244(d)(1).  **The filing of his federal habeas petition does not toll the AEDPA limitations period, and a dismissal of the federal petition without prejudice does not excuse a petitioner from the one-year limitations period**.  *See, e.g.,* Duncan v. Walker, 533 U.S. 167, 181-82 (2001).  *See also, e.g.,* Hutchinson v. State of Fla., 677 F.3d 1097, 1098 (11th Cir. 2012) ("In order for that § 2244(d)(2) statutory tolling to apply, the petitioner must file his state collateral petition before the one-year period for filing his federal habeas petition has run."); Tinker v. Moore, 255 F.3d 1331, 1335 n.4 (11th Cir. 2001), *cert. denied*, 534 U.S. 1144 (2002) ("We remind petitioners that a properly and timely filed petition in state court only tolls the time remaining within the federal limitation period.").

Accordingly, it is **ORDERED**:

1. Petitioner's motion for a stay (ECF No. 10) is **DENIED**.

2. Respondent's deadline for filing an answer, motion, or other response is **TERMINATED**.

And it is respectfully **RECOMMENDED**:

1. Petitioner's motion for entry of an order of dismissal without prejudice (ECF No. 10), construed as a motion for voluntary dismissal, be **GRANTED**.

2. The petition for writ of habeas corpus (ECF No. 1) be **DISMISSED WITHOUT PREJUDICE** except as to application of the federal statute of limitations or other procedural bar.

**IN CHAMBERS** at Tallahassee, Florida, on July 6, 2017.

>   S/ Charles A. Stampelos
>   CHARLES A. STAMPELOS
>   UNITED STATES MAGISTRATE JUDGE

### NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not**

**control**.   **If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a Report and Recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.   *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.**